UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JOSE LUIS GARCIA RIOS,

Petitioner,

- against -

RAUL MALDONADO, JR., Warden, Metropolitan Detention Center, *et al.*,

Respondents.

**MEMORANDUM DECISION AND ORDER**

26-cv-4695 (BMC)

**COGAN**, District Judge.

Petitioner Jose Luis Garcia Rios, a national of the Dominican Republic, seeks a writ of habeas corpus under 22 U.S.C. § 2241, ordering his immediate release from U.S. Immigration and Customs Enforcement ("ICE") detention. For the following reasons, the petition is denied.

## BACKGROUND

Petitioner entered the United States and was granted lawful permanent resident ("LPR") status in 2002.

In October 2017, petitioner was arrested in Pennsylvania and charged with theft of government funds. In February 2018, petitioner pled guilty in the District of New Jersey to one count of violating 18 U.S.C. § 371 (Klein Conspiracy) and one count of violating 18 U.S.C. §§ 2, 641 (Theft of Government Funds). In his plea agreement, petitioner acknowledged that "if he is not a citizen of the United States, his guilty plea to the charged offenses will likely result in him being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible." United States v. Garcia Rios, 17-cr-426 (D.N.J.

Feb. 28, 2018). In September 2019, petitioner was sentenced to five years' probation and ordered to pay $4,624,802.26 in restitution.

In recent years, petitioner has traveled to and from the Dominican Republic three times. In January 2025, he returned from one of these trips and presented himself for inspection at Miami International Airport. The Customs and Border Protection Officer who inspected petitioner mistakenly concluded that the October 2017 charges against petitioner had been dismissed because prior charges against petitioner had in fact been dismissed. The officer therefore did not treat petitioner as inadmissible and admitted petitioner as a returning LPR.

In October 2025, petitioner returned from another trip to the Dominican Republic and presented himself for inspection at John F. Kennedy International Airport ("JFK"). The Customs and Border Protection Officer who inspected petitioner concluded the crimes to which petitioner pled guilty in February 2018 were not crimes involving moral turpitude. The officer therefore did not treat petitioner as inadmissible and admitted petitioner as a returning LPR.

On June 30, 2026, petitioner returned from another trip to the Dominican Republic and presented himself for inspection at JFK once again. The Customs and Border Protection Officer who inspected petitioner concluded the crimes to which petitioner pled guilty in February 2018 were crimes involving moral turpitude. The officer therefore treated petitioner as inadmissible and detained him.

On July 2, 2026, petitioner was transferred from U.S. Customs and Border Protection custody to U.S. Immigration and Customs Enforcement ("ICE") custody and served with a Notice to Appear ("NTA"). He was transferred to Delaney Hall Detention Facility in Newark, New Jersey. One week later, he was transferred to Metropolitan Detention Center ("MDC") in Brooklyn, New York, where he remains today.

On July 3, 2026, the NTA was filed with the Executive Office of Immigration Review. Petitioner, through counsel, filed a motion to terminate immigration proceedings in August 2026. In September 2026, the immigration judge denied petitioner's motion to terminate and scheduled a master calendar hearing.

**LEGAL STANDARD**

Habeas corpus "stands as a safeguard against imprisonment of those held in violation of the law." Harrington v. Richter, 562 U.S. 86, 91 (2011); see also Ozturk v. Hyde, 136 F.4th 382, 393 (2d Cir. 2025). The Court may issue a writ under Section 2241 "whenever a petitioner is 'in custody in violation of the Constitution or law or treaties of the United States.'" Wang v. Ashcroft, 320 F.3d 130, 140 (2d Cir. 2003) (quoting 28 U.S.C. § 2241(c)). "Federal courts have jurisdiction to hear habeas corpus claims by non-citizens challenging the constitutionality of their detention." Lopez v. Sessions, No. 18-cv-4189, 2018 WL 2932726, at *6 (S.D.N.Y. June 12, 2018) (citing Demore v. Kim, 538 U.S. 510, 516-17 (2003)).

**DISCUSSION**

As a threshold matter, the fact that petitioner was mistakenly permitted to enter the United States the other two times he returned from the Dominican Republic in recent years does not change the legality of his detention now. See I.N.S. v. Miranda, 459 U.S. 14, 18 (1982) (explaining that negligence by a government agency is insufficient "to estop the Government from enforcing the conditions imposed by Congress for residency in this country"). Setting that aspect of the petition aside, petitioner essentially challenges whether there was any lawful authority for his detention.

Petitioner's arguments are unavailing because he is lawfully subject to mandatory detention as a noncitizen seeking admission. "Ordinarily, '[a]n alien lawfully admitted for permanent residence in the United States shall not be regarded as seeking an admission into the

United States for purposes of the immigration laws.'" Joseph v. Arteta, No. 26-cv-2979, 2026 WL 1193489, at *3 (S.D.N.Y. April 30, 2026) (quoting 8 U.S.C. § 1101(a)(13)(C)). "But the statute excepts from this general rule any LPR who 'has committed an offense identified in section 1182(a)(2) of this title.'" Id. (quoting 8 U.S.C. § 1101(a)(13)(C)(v)). Section 1182(a)(2) states that any noncitizen "convicted of . . . a crime involving moral turpitude (other than a purely political offense) or an attempt or conspiracy to commit such a crime . . . is inadmissible." 8 U.S.C. § 1101(2)(A)(i).

"[A]n arriving alien determined to be inadmissible based on a prior criminal conviction . . . is regarding as 'seeking an admission' . . . and is therefore subject to § 1225(b)." Perez v. Aviles, 188 F. Supp. 3d 328, 332 (S.D.N.Y. 2016) (quoting 8 U.S.C. § 1101(a)(13)(C)(v)). Under Section 1225(b), "if the examining officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title." 8 U.S.C. § 1225(b)(2)(A) (referring to statutory provision about removal proceedings).

Petitioner has LPR status, but he has also been convicted of a crime involving moral turpitude. "[C]rimes in which fraud was an ingredient have always been regarded as involving moral turpitude." Mendez v. Mukasey, 547 F.3d 345, 347 (2d Cir. 2008) (quoting Jordan v. De George, 341 U.S. 223, 232 (1951)); see Singh v. Att'y Gen., 807 F.3d 547, 550 (3d Cir. 2015) ("Crimes . . . involving allegations of dishonesty or fraud fall well within the recognized definition of 'crimes involving moral turpitude.'"). Indeed, petitioner acknowledged at the time of his guilty plea that "the charged offenses will likely result in him being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible." Garcia Rios, 17-cr-426, ECF No. 19, at *4.

In short, when petitioner presented himself at JFK, he was deemed to be an arriving alien seeking admission to the United States because of his criminal conviction. See 8 U.S.C. § 1101(a)(13)(C)(v). For the same reason (his criminal conviction), petitioner was found inadmissible under section 1182(a)(2) and subject to mandatory detention under section 1225(b)(2). Because petitioner was detained pursuant to these provisions, his detention is lawful.

**CONCLUSION**

For the reasons set forth above, the petition is denied.

**SO ORDERED.**

Brian M. Cogan
U.S.D.J.

Dated: Brooklyn, New York
September 21, 2026